EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company, Plaintiffs, v. All Felt Products, Inc. and Hollinee, L.L.C. Defendants. | Civil Action No. 00-2661 DSD/JMM |

**CONSENT JUDGMENT**

3M Innovative Properties Company and Minnesota Mining and Manufacturing Company (collectively "3M"), Plaintiffs, and Hollinee L.L.C. ("Hollinee") including All Felt Products, Inc. ("All Felt"), Defendants, have agreed to resolve this matter amicably by the entry of this Consent Judgment. It is therefore found, adjudged, and decreed as follows:

**Findings of Fact**

1. 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company are Delaware corporations having their principal place of business at the 3M Center, St. Paul, Minnesota 55133-3427. 3M is in the business of manufacturing and selling a wide variety of consumer, commercial, and industrial products, including filter media, such as electrostatically charged filter media and related products.

2. Hollinee is a Delaware limited liability company having a principal place of business at 25 W. Skippack Pike, Suite 205, Broad Axe, Pennsylvania 19002. Hollinee is in the business of, *inter alia*, manufacturing and selling electrostatic fibrous filter media and products employing such media. Hollinee acquired and is the successor in interest of All Felt, which also manufactured and sold electrostatic fibrous filter media and products employing such media.

FILED 4-6-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD 4-6-01
DEPUTY CLERK

3. On August 11, 1998, United States Patent No. 5,792,242 ("the '242 Patent"), entitled "Electrostatic Fibrous Filter Web," was duly and legally issued to 3M as the assignee of inventor Thomas E. Haskett.

4. 3M and 3M IPC brought this action for patent infringement against All Felt and Hollinee on December 7, 2000.

5. Defandants have waived service of process of the Summons and Complaint, have appeared, by their undersigned attorneys, and have consented to jurisdiction and venue.

6. All Felt and Hollinee have manufactured, used, sold, and/or offered to sell filter media including filter media used in filters designated as the Electrostat ETL Filter, the Rex Adhesive Electrostat Filter, the E050/803 Filter and the E070/803 Filter, hereinafter the Infringing Filter Products employing electrostatic fibrous filter media that infringe the '242 Patent.

7. The Parties seek to terminate this litigation through this Consent Judgment.

8. Any Finding of Fact which is deemed to be a Conclusion of Law is hereby adopted as such.

**Conclusions of Law**

9. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271, *et. seq*. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. §1400(b).

11. 3M IPC is the assignee of the '242 Patent and 3M is an exclusive licensee under the '242 Patent.

12. Each claim of the '242 Patent is valid and enforceable for all purposes, including this action, any other action for infringement of the '242 Patent in any court even though the products alleged to infringe in any other such action may be different from the Infringing Filter Products in this action, or in any proceeding in the United States Patent and Trademark Office.

13. The parties intend and this Court explicitly orders that the issues of validity and enforceability are hereby finally concluded and disposed of and that this Consent Judgment bars Defendants from contending in this action, or any other proceeding that the claims of the '242 Patent are invalid or unenforceable even though the products alleged to infringe in any other such action may be different from the Infringing Filter Products in this action.

14. One or more claims of the '242 Patent are infringed by Defendants' manufacture, use, sale, offer for sale, and/or importation of the Infringing Filter Products.

15. This Judgment shall finally conclude and dispose of this litigation and as to all parties shall be entitled to issue preclusion, claim preclusion, res judicata and collateral estoppel effect in future litigation or Patent Office proceedings related to the '242 Patent. The parties and this Court explicitly intend such issue preclusion, claim preclusion, res judicata and collateral estoppel effects to extend to the issues of infringement, validity, and enforceability regarding any claim of the '242 Patent whether raised in a court proceeding, Patent Office proceeding, reexamination, reissue, or other dispute.

16. Any Conclusion of Law which is deemed to be a Finding of Fact is hereby adopted as such.

IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED that:

A. The Release of Defendants for past infringement, and Defendant's limited license under the '242 Patent to use, offer to sell, sell, or otherwise distribute or dispose of Infringing Filter Product shall be in accordance with the Parties' Settlement Agreement having an effective date of March 28, 2001 (the "Settlement Agreement").

B. Defendants, their parents, subsidiaries, and affiliated companies, and the officers, agents, servants, employees, attorneys, successors, and assigns of any of them, and all other persons in active concert or participation with, through, or under Defendants are hereby permanently restrained and enjoined during the unexpired term of the '242 Patent, from directly, contributorily, or by inducement, making, causing to be made, using or causing to be used, selling, offering for sale, causing to be sold, or importing Infringing Filter Products or any other filters that infringe the '242 Patent.

C. This Court retains exclusive jurisdiction of this action and the parties hereto for the purpose of insuring compliance with this Consent Judgment and the Settlement Agreement.

D. All issues pertaining to damages have been settled by the parties in the Settlement Agreement, and the Settlement Agreement shall be binding on the parties notwithstanding that the '242 Patent may be held invalid or unenforceable in any other proceedings, or may be held to be not infringed by products in any other proceedings.

E. In the event that either of the Defendants violates any of the terms or conditions of this Consent Judgment or the Settlement Agreement, 3M will be irreparably harmed and entitled to preliminary injunctive relief, as well as such other relief as is available whether in law or in equity, to prevent any further violation of any of the provisions of this Consent Judgment or the

Settlement Agreement hereof, and 3M will be entitled to recover its attorneys' fees associated with obtaining such relief.

F. No appeal shall be taken by any party from this Judgment, the right to appeal being expressly waived by all parties.

G. This Judgment shall finally conclude and dispose of all claims and counterclaims of all parties with prejudice.

H. Each party shall bear its own costs and attorneys' fees.

I. Final judgment shall be entered pursuant hereto, without further notice.

The Clerk is directed to enter this final judgment forthwith.

ORDERED this 5TH day of April, 2001.

The Honorable

UNITED STATES DISTRICT JUDGE

Agreed as to form and substance:

3M INNOVATIVE PROPERTIES COMPANY AND MINNESOTA MINING AND MANUFACTURING CO.

By their attorneys,

Dated: March 30, 2001

Alan G. Carlson (#14801)
J. Derek Vandenburgh (#224145)
Jeffrey C. Brown (#256948)
Merchant & Gould P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
Telephone: (612) 332-5300

HOLLINEE, L.L.C. and ALL-FELT PRODUCTS, INC.

By their attorneys,

Date: March 29, 2001

Victor L. Reid
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Telephone: (202) 942-5000

Date: ____________________ ______________________________